IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DANIEL LOFTON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 15-2511-STA-dkv |
| ) | |
| AFFILIATED COMPUTER SERVICES, LLC, ) | |
| XEROX BUSINESS SERVICES, LLC, ) | |
| NAVIENT SOLUTIONS, INC., ) | |
| UNITED STATES DEPARTMENT OF ) | |
| EDUCATION, and Other Unknown and ) | |
| Unnamed Individuals and Entities, ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING DEFENDANT'S MOTION TO REMAND

Before the Court is Defendants Xerox Business Services, LLC (formerly known as Affiliated Computer Services, LLC) and Navient Solutions, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction, Insufficiency of Process, and to Remand (ECF No. 12) filed on September 18, 2015. Plaintiff Daniel Lofton filed an Amended Complaint (ECF No. 14) as well as a response in opposition (ECF No. 17) to Defendants' Motion. On November 6, 2015, Defendants filed a Motion to Dismiss the Amended Complaint (ECF No. 32), which the parties have fully briefed. For the reasons set forth below, Defendants' first Motion to Remand is **GRANTED**.

### BACKGROUND

Plaintiff filed a Complaint for violations of the Fair Debt Collection Practices Act ("FDCPA") on August 14, 2015. The Complaint named as Defendants Affiliated Computer

1

Services, LLC; Xerox Business Services, LLC; and Navient Solutions, Inc. Plaintiff based his FDCPA claims on Defendants' attempts to collect a student loan debt. The Complaint alleged in relevant part that Plaintiff's claims against these Defendants were filed within the statute of limitations because his "claims were properly removed from the Shelby County General Sessions Court on August 4, 2015." (Compl. ¶ 27.) The civil coversheet attached to Plaintiff's Complaint (ECF No. 4) also included a section for Plaintiff to indicate the origin of his claims by checking the appropriate box. Plaintiff checked the box "Removed from State Court" on the civil coversheet. Subsequent to the filing of Plaintiff's initial Complaint, Plaintiff filed an additional exhibit to the Complaint (ECF No. 7), a document captioned as a "Notice of Removal" and signed by counsel for Plaintiff. The exhibit is a Notice of Removal filed on August 4, 2015, in the matter of *Daniel Lofton v. Affiliated Computer Service*, a case pending in the General Sessions Court for Shelby County, Tennessee, case number 1683832. According to the Notice of Removal, Plaintiff was giving the General Sessions Court notice of his intent to remove his case to this Court pursuant to 28 U.S.C. § 1441.

On September 18, 2015, Defendants responded to Plaintiff's "removal" of his claim from state court by filing their Motion to Dismiss for Lack of Subject Matter Jurisdiction, Insufficiency of Process, and to Remand. According to Defendants, Plaintiff filed a civil warrant in Shelby County General Sessions Court on April 28, 2014. The civil warrant alleged violations of the FDCPA against Affiliated Computer Service. The General Sessions Court set Plaintiff's case for trial on August 4, 2015. The same day trial was to commence in state court Plaintiff filed his initial Complaint with this Court, adding two new Defendants and a claim for declaratory judgment. Plaintiff also filed his Notice of Removal with the General Sessions Court, the same Notice of

2

Removal which Plaintiff has attached as an exhibit to his initial Complaint. Defendants argue that a plaintiff cannot remove his own claims from state court to federal court under 28 U.S.C. § 1441. Therefore, Defendants seek the dismissal of Plaintiffs' claims for lack of subject-matter jurisdiction or a remand to General Sessions Court. Defendants argue in the alternative that the Court should dismiss the Complaint for Plaintiff's failure to effect service.

Plaintiff has responded in opposition to Defendants' Motion to Dismiss. Plaintiff argues that his initial Complaint pleaded a cause of action for violations of the FDCPA, 15 U.S.C. § 1692f(1). As such, the Complaint alleged a claim over which this Court has original subject-matter jurisdiction "apart from any issues relevant to the Shelby County General Sessions Civil Warrant." (Pl.'s Resp. in Opp'n 1, ECF No. 17.) Plaintiff separately argues that the master promissory note for his student loan refers to several federal statutes and regulations, all tending to show that the Court has federal subject-matter jurisdiction. Finally, Plaintiff points out that his General Sessions case remains on the docket of that court and that Defendants have not sought to dismiss the case. In fact, Plaintiff has filed a motion to transfer his civil warrant to this Court. Therefore, the Court should decline to dismiss Plaintiff's federal Complaint.

On October 9, 2015, Plaintiff filed an Amended Complaint, adding the United States Department of Education as a Defendant and pleading an additional claim for infringement of his Free Exercise rights under the First Amendment in violation of 42 U.S.C. § 1983. Defendants responded by filing a separate Motion to Dismiss the Amended Complaint, arguing that Plaintiff's § 1983 allegations fail to state a claim and that other claims raised in the Amended Complaint are time-barred. Plaintiff has opposed the Motion to Dismiss the Amended Complaint, and Defendants have filed a reply.

3

## ANALYSIS

Title 28 U.S.C. § 1441 governs the removal of civil actions and provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."[1] In order to remove the case, the defendant files a notice of removal with the district court.[2] The removal statute is plain that only a defendant or defendants may remove a civil action from state court to federal court.[3] "The term 'defendant' in removal statutes is narrowly construed."[4] It is well-settled that a plaintiff cannot remove an action to federal court even when the plaintiff is named as the counter-defendant in a counterclaim.[5]

Based on this clear and well-settled authority, the Court holds that Plaintiff's removal of his FDCPA claim from state court does not comply with the requirements of the federal removal statute. Under § 1441(a), only the defendant may remove a civil action to federal court. In this case Affiliated Computer Services was the only defendant named in Plaintiff's civil warrant. As such, only Affiliated Computer Services, and not Plaintiff, had the right to remove the FDCPA claim from

---

[1] 28 U.S.C. § 1441(a).

[2] § 1446(a).

[3] *First Nat. Bank of Pulaski v. Curry*, 301 F.3d 456, 461 (6th Cir. 2002) ("As the statutory language makes plain, only 'the defendant or the defendants' may remove under § 1441(a)."); *Harris v. Davis*, 145 F.3d 1331, 1998 WL 228026, at *1 (6th Cir. Apr. 27, 1998) ("Twenty-eight U.S.C. § 1441(a) permits removal of a state court case only by a defendant, not by a plaintiff.").

[4] *In re Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 849, 853 (6th Cir. 2012) (citing *Curry*, 301 F.3d at 462).

[5] *Id.* (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104–08 (1941)).

4

state court. Furthermore, Affiliated Computer Services could only remove the action by filing a notice of removal in this Court. Not only did Plaintiff improperly seek to remove his claim to federal court, but Plaintiff did so by filing a complaint in this court and a notice of removal in state court.[6] The Court concludes then that Plaintiff's attempt to remove his own claim from state court to federal court is procedurally defective and simply not cognizable under federal law. Therefore, the Court declines to accept jurisdiction in this case and remands the original Complaint to state court.[7]

The parties make a number of arguments concerning the Court's subject-matter jurisdiction. Defendants have moved to dismiss the case for lack of subject-matter jurisdiction based on Plaintiff's procedurally irregular Notice of Removal. Plaintiff argues that his removed claim arises under the Fair Debt Collection Practices Act.[8] As such, this Court has original jurisdiction over the federal question raised in the initial Complaint. Plaintiff also argues that dismissal or remand would be a waste of judicial resources because his initial Complaint and Amended Complaint include new factual allegations, name new Defendants, and plead more causes of action over which this Court has subject-matter jurisdiction, separate and apart from Plaintiff's FDCPA claim. In his response to Defendants' first Motion to Dismiss and to Remand, Plaintiff states that his initial Complaint "raises an abundance of new facts and new causes of action while adding new parties" while his civil

---

[6] Plaintiff fails to address § 1446(a) or Defendants' argument on this point. Plaintiff inexplicably asserts that "issues related to his Notice of Removal are not properly before this Court." Pl.'s Resp. in Opp'n to Mot. to Dismiss and Remand 3, ECF No. 17.

[7] *Harris v. Davis*, 145 F.3d 1331, 1998 WL 228026, at *1 (6th Cir. Apr. 27, 1998) ("Twenty-eight U.S.C. § 1441(a) permits removal of a state court case only by a defendant, not by a plaintiff. Therefore, the district court properly declined to accept jurisdiction over the case.").

[8] Plaintiff also notes that he has filed a motion with the General Sessions Court to transfer the civil warrant to this Court and that Defendants have not moved to dismiss his civil warrant.

warrant "only concerns one factual allegation."[9] Plaintiff argues then that his initial Complaint and Amended Complaint establish independent grounds for this Court to exercise subject-matter jurisdiction in this case and make remand unnecessary.

But the issue is not whether the Court has subject-matter jurisdiction over the FDCPA claim pleaded in Plaintiff's civil warrant or the new claims alleged in the initial Complaint and Amended Complaint. The Sixth Circuit has recognized that 28 U.S.C. § 1447(c) allows for remand based on procedural defects as well as want of subject-matter jurisdiction. The question presented for the Court is whether Plaintiff can file suit in state court and then "remove" the claim by filing a new Complaint in federal court, all while his action remains on the docket of the state court. In other words, has Plaintiff as the removing party complied with the procedural requirements of the removal statute? For the straightforward reasons already explained, the Court's holding is that Plaintiff cannot remove his own claim under 28 U.S.C. § 1441(a).

And none of Plaintiff's arguments about subject-matter jurisdiction alter the fact that Plaintiff's initial Complaint and Amended Complaint are nothing more than amendments to his civil warrant, not independent actions stating a claim arising under federal law. The record makes clear, and Plaintiff's briefs admit as much, that Plaintiff removed his civil warrant from state court and then attempted to amend his pleading to add the new parties and claims for relief. Plaintiff's initial Complaint specifically alleges that Plaintiff was removing his claim from General Sessions Court and pleads the same FDCPA claim alleged in the civil warrant. The initial Complaint then names two new Defendants and amends the civil warrant to plead a claim for declaratory judgment. The Amended Complaint further augments the civil warrant to allege that Defendants including the

---

[9] Pl.'s Resp. in Opp'n to Mot. to Dismiss and Remand 3, ECF No. 17.

Department of Education have violated Plaintiff's First Amendment rights by attempting to collect his student loan debt on Sundays. And Plaintiff explains in one of his briefs that his newly alleged claims actually accrued after he filed his civil warrant. The new claims alleged in the initial Complaint and Amended Complaint then are supplemental pleadings to the the civil warrant Plaintiff filed in General Sessions Court in April 2014.[10] Plaintiff has cited no authority showing that a plaintiff can remove a case from state court under 28 U.S.C. § 1441 and then avoid remand by amending his pleadings to add a claims over which the federal court has subject-matter jurisdiction. The Court concludes that remand is the only proper result in this case.

This Court has the obligation, as a matter of federalism and comity, to ensure strict compliance with the procedural requirements of the removal statute. The Supreme Court has described the federal court's gatekeeping function in this way:

> The power reserved to the states under the Constitution to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the Judiciary Articles of the Constitution. Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the [removal] statute has defined.[11]

As the master of his complaint, Plaintiff chose to avail himself of the courts of Tennessee by filing a civil warrant with the Shelby County General Sessions Court. Plaintiff likewise has the right, under certain circumstance, to reconsider his choice of forum and bring a claim before this Court but only in a procedurally proper way. Removal of his civil warrant under § 1441(a) and amending his

---

[10] *See* Fed. R. Civ. P. 15(d) ("On motion and reasonable notice, the court may, on just terms, permits a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.")

[11] *Shamrock Oil & Gas Corp.*, 313 U.S. at 108-09 (citations and internal quotation marks omitted).

7

pleadings to add supplemental claims arising under federal law does not comply with the removal statute. Therefore, the Court declines to accept jurisdiction and will remand the claims to state court. Because the Court is remanding the case to General Sessions Court, the Court need not reach the merits of Defendants' other grounds for dismissal raised in the Motions to Dismiss.

Finally, Defendants' Motion to Dismiss or Remand seeks an award of costs and expenses, including attorney's fees, under 28 U.S.C. § 1447(c). Defendants request leave to file a separate fee petition in support of their request. Plaintiff has not responded to this specific argument. Therefore, to the extent that Defendants seek an award of costs and expenses, Defendants are directed to file a separate motion along with supporting documentation within 14 days of the entry of this order. Once Plaintiff has had an opportunity to respond, the Court will decide Defendants' request.

## CONCLUSION

Defendants' Motion to Remand is **GRANTED**. This matter is hereby remanded to Shelby County General Sessions Court.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: January 27, 2016.